[L. A. No. 3345. In Bank.—November 13, 1912.]

PACIFIC ELECTRIC RAILWAY COMPANY, Petitioner, v. EDWARD ROLKIN et al., as Members of the State Board of Equalization of the State of California, Respondents.

TAXATION—ASSESSMENT BY STATE BOARD OF EQUALIZATION OF OPERATIVE PROPERTY OF RAILROAD—PROTEST BY CITY ASSESSOR—LIMITATION OF TIME TO MAKE PROTEST—MANDAMUS.—Under the provisions of the act of 1911 (Stats. 1911, p. 538), any protest by a city assessor against the taxation by the state board of equalization of certain property of a railroad company as operative property must be filed within thirty days after his receipt of the company's report, which that act requires to be served on him. Such requirement is jurisdictional, and a protest filed later has no effect, and does not require the state board to revise or alter its action in placing such property on the assessment-roll as operative property, or to dispose of the protest in any way. Its failure to make any order disposing of a belated protest is not a breach of duty, and *mandamus* will not lie to compel the entry of such order.

APPLICATION for a Writ of Mandate, instituted by the petitioner, a corporation organized under the laws of the state of California and engaged in maintaining and operating an electric railroad system within the city of Los An-

geles and between that city and other cities in the state of California; against the state board of equalization, directing that board to make and enter an order in the minutes of the board to the effect that certain articles of personal property, that had been assessed on the assessment-roll of the city of Los Angeles for the fiscal year 1912, as nonoperative property, was operative property of said railroad.   The petitioner had, on the —— day of March, 1912, filed with the city assessor of the city of Los Angeles, a duplicate of its report covering the property in question, and describing the same as operative property.   On May 7, 1912, the city assessor of the city of Los Angeles, filed a protest with the state board of equalization against the inclusion of such property in that board's assessment of the operative property of the petitioner.   On May 19, 1912, the property in question, together with other operative property of the petitioner, was assessed by the state board of equalization and was placed by it upon the roll of operative property for taxation for state purposes.   The further facts are stated in the opinion of the court.

J. W. McKinley, and A. W. Ashburn, Jr., for Petitioner.

U. S. Webb, Attorney-General, Raymond Benjamin, Chief Deputy Attorney-General, John W. Shenk, City Attorney of Los Angeles, and Myron Westover, Deputy City Attorney, for Respondents.

THE COURT.—The city assessor of Los Angeles did not file any protest against the taxation of the property in question as operative property of the Pacific Electric Railway Company until more than thirty days after he had received the copy of the company's report which the law requires to be served upon him.   The provision of the statute (Stats. 1911, p. 538) that such protest shall be filed within thirty days thereafter is jurisdictional.   A protest filed later has no effect, and does not require the state board to revise or alter its action in placing such property on the roll as operative property, or to dispose of the protest in any way.   Its failure to make any order disposing of the protest is, therefore, not a breach of duty and *mandamus* will not lie to com-

pel the entry of such order. Its act placing such property on the roll as operative property is as valid as if the belated protest had not been filed.

For these reasons the application for a writ of mandate is denied.

Rehearing denied.